Filed 2/3/26  P. v. Hegwood CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C102311 |
| Plaintiff and Respondent, | (Super. Ct. No. 12F00998) |
| v. | |
| DANIEL LEE HEGWOOD, | |
| Defendant and Appellant. | |

In 2013, defendant Daniel Lee Hegwood pled no contest to two counts of robbery and one count of making criminal threats and admitted prior conviction and prior prison term enhancement allegations.  The trial court sentenced Hegwood to 22 years four months in prison.  In 2024, the trial court recalled Hegwood's sentence under Penal Code

1

section 1172.75.[1]  After striking Hegwood's prior prison term enhancement, the trial court declined to further modify his sentence and otherwise reimposed the original sentence.

Hegwood argues the trial court erred in imposing the upper term on one of the robbery counts (1) based on the sentence stipulated to in his plea agreement, and (2) by relying on aggravating circumstances that were not proven as required by section 1170, subdivision (b).  We agree with the People that the record does not indicate that Hegwood's plea agreement included a stipulated sentence.  As to proof of the aggravating circumstances, in accordance with this court's decision in *People v. Brannon-Thompson* (2024) 104 Cal.App.5th 455 (*Brannon-Thompson*), we conclude the trial court did not err in reimposing the upper term.  Thus, we affirm the judgment.

## BACKGROUND

In 2012, Hegwood entered a bank, approached a teller, and said he had a bomb in a bag he placed on the counter.  He demanded money and the teller gave him $5,208.  Hegwood put the money in a backpack and exited the bank, leaving the bag on the counter.  When police found him, Hegwood said he had a bomb in the backpack and it would explode if the backpack was unzipped.  A search of Hegwood's person found the amount stolen from the bank.

In 2013, Hegwood pled guilty to two counts of robbery (§ 211; counts one & two) and one count of making criminal threats (§ 422; count three) and admitted prior conviction allegations (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d), 667, subd. (a), 667.5, subd. (a)) and a prison term allegation (§ 667.5, subd. (b)).  The trial court sentenced Hegwood to the upper term of five years on count one, doubled to 10 years due to the strike; one-third the middle term of one year on count two, doubled to two years

---

[1]  Undesignated statutory references are to the Penal Code.

due to the strike; and one-third the middle term of eight months on count three, doubled to 16 months due to the strike. The court imposed nine years for the enhancements, including one year for the prior prison term, for an aggregate sentence of 22 years four months in state prison.

In 2024, the trial court received from the Department of Corrections and Rehabilitation a list of individuals eligible for resentencing under section 1172.75, which included Hegwood. The court determined that Hegwood was eligible for relief, appointed the public defender's office to represent him, and ordered the parties to submit briefing. In his brief, Hegwood requested that the trial court dismiss the prior strike, the five- and three-year enhancements, and the now-invalid one-year prior prison term enhancement. Hegwood also contended that the trial court should resentence him to the middle term on count one, arguing the requirements of subdivision (b) of section 1170 for proof of aggravating factors apply retroactively, and the aggravating factors in his case "mostly have to do with prior conduct, and little to do with the current crime." In their brief, the People conceded that the one-year prior prison term enhancement should be dismissed but maintained the remainder of the sentence should be reimposed. As relevant here, the People argued that subdivision (d)(4) of section 1172.75 permitted previously ordered upper term sentences to remain intact.

At the resentencing hearing, the trial court struck the one-year prior prison term enhancement and reimposed the remainder of the sentence, including the upper term on count one, for an aggregate sentence of 21 years four months. Hegwood timely appealed.

DISCUSSION

I

*Plea Agreement with a Stipulated Sentence*

Hegwood begins by urging that we await the ruling of the California Supreme Court in a pending matter on the issue of whether subdivision (b) of section 1170 applies to cases where the plea agreement included a stipulated sentence. This statute provides

3

that the middle term is the presumptive sentence. (§ 1170, subd. (b)(1).) To impose the upper term, the facts underlying aggravating circumstances justifying an upper term must "have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (*Id.*, subd. (b)(2).)

Courts are split as to whether this provision applies where the plea agreement stipulated a sentence term. (See, e.g., *People v. Todd* (2023) 88 Cal.App.5th 373, 381-382 ["we conclude that Todd's sentence to the aggravated term as a condition of his negotiated plea agreement does not negate the requirements imposed on the court by amended section 1170, subdivision (b)"], review granted Apr. 26, 2023, S279154; *People v. Mitchell* (2022) 83 Cal.App.5th 1051, 1059 ["In the case where there is a stipulated plea like here, there is no occasion for the trial court to find any aggravating facts in order to justify the imposition of an upper term at sentencing"], review granted Dec. 14, 2022, S277314.) Hegwood asks us to "hold" this matter pending the decision of the high court in *Mitchell* or, alternatively, to adopt the reasoning of cases such as *Todd* that find subdivision (b) of section 1170 applicable, notwithstanding a stipulated sentence incorporated a plea agreement.

The People respond that Hegwood has effectively raised a nonissue, as the record does not indicate that his plea agreement included a stipulated sentence. We agree. Hegwood provides no citation to the record showing that the plea agreement included a stipulated sentence. In fact, neither a written plea agreement nor a reporter's transcript of the hearing where the trial court took Hegwood's plea or the hearing where the court imposed sentence appears in the record. The closest the record comes to suggesting an agreement on a stipulated sentence is a minute order recording the charges to which Hegwood pled no contest, with a handwritten calculation of a sentence term of 22 years four months. However, as the People point out, while the probation report refers to a "PROMISE" of a sentence of 22 years four months in state prison, it also includes the probation department's sentence recommendations, including the upper term of five years

4

on count one, doubled to 10 years due to the strike.  If the parties had negotiated a plea agreement with a stipulated sentence to present to the trial court on a take-it-or-leave-it basis, there would have been no need for the probation department to make recommendations to the court to inform its exercise of discretion in determining the sentence term to be imposed.  Accordingly, the issue of whether the trial court could base an upper term on a stipulated sentence is not before us, because the record does not show that Hegwood's plea agreement included a stipulated sentence.

II

*Reimposition of Upper Term Sentence*

Hegwood argues that subdivision (b) of section 1170 applies to resentencing under section 1172.75 even where a defendant, as here, was previously sentenced to the upper term.  Hegwood contends the trial court violated his Sixth Amendment and statutory rights to a jury trial in reimposing the upper term without further factfinding in conformance with section 1170, subdivision (b), and the error is reversible per se.  The People argue that section 1172.75, subdivision (d)(4) allowed the trial court to reimpose the upper term without the heightened factfinding of section 1170, subdivision (b), as this court concluded in *Brannon-Thompson*, *supra*, 104 Cal.App.5th 455.

Section 1172.75 provides that a person serving a term for a prior prison term imposed before January 1, 2020 (with exceptions not relevant in this case) is entitled to recall and resentencing because this enhancement is now legally invalid.  (§ 1172.75, subds. (a), (c).)  Subdivision (d)(2) of section 1172.75 further provides that the resentencing court "shall apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing."  Section 1172.75, subdivision (d)(4) then provides that, in resentencing proceedings under this statute, "[u]nless the court originally imposed the upper term, the court may not impose a sentence exceeding the middle term unless there are circumstances in aggravation that

5

justify the imposition of a term of imprisonment exceeding the middle term, and those facts have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial."

In *Brannon-Thompson*, we concluded section 1172.75, subdivision (d)(4) "carves out an exception to the general rule that all ameliorative changes to the law must be applied at a section 1172.75 resentencing and does not require aggravating factors to be found true beyond a reasonable doubt if the upper term was previously imposed." (*Brannon-Thompson*, *supra*, 104 Cal.App.5th at p. 458.)  Given the plain meaning of the statutory language, we concluded "the Legislature intended the new burden of proof amendments to section 1170, subdivision (b) apply only if the trial court is imposing the upper term for the first time at a section 1172.75 resentencing."  (*Id.* at pp. 466-467; but see *People v. Gonzalez* (2024) 107 Cal.App.5th 312, 330 (*Gonzalez*) [rejecting *Brannon-Thompson* and concluding a plain language interpretation of § 1172.75, subd. (d)(4) would violate the Sixth Amendment].)

Under our interpretation of section 1172.75, subdivision (d)(4) in *Brannon-Thompson*, the trial court here could properly reimpose the upper term on count one without additional factfinding, because Hegwood was originally sentenced to the upper term.  Hegwood notes, however, that the California Supreme Court recently granted review to determine whether section 1172.75 allows reimposition of an upper term sentence where the facts underlying aggravating circumstances have not been proved beyond a reasonable doubt in accordance with section 1170, subdivision (b).  (*People v. Eaton* (Mar. 14, 2025, C095853) [nonpub. opn.], review granted May 14, 2025, S289903.)[2]  But appellate courts in succeeding decisions, which note the high court's

---

[2]  On reply, Hegwood "acknowledges that, had review not been granted last year, this Court's decision in *Brannon-Thompson* would be controlling.  But review was granted and the case is being held pending the Supreme Court's decision in *Easton* [*sic*]."  The

6

grant of review in *Eaton*, conclude that *Brannon-Thompson* correctly determined that section 1172.75, subdivision (d)(4) creates an exception to the heightened factfinding requirements of section 1170, subdivision (b)(2), as well as section 1170.1, subdivision (d)(2) for enhancements. (See *People v. Mathis* (2025) 111 Cal.App.5th 359, 371-374 & fn. 6 [following *Brannon-Thompson* and rejecting *Gonzalez*], review granted Aug. 13, 2025, S291628; *People v. Dozier* (2025) 116 Cal.App.5th 700, 712, 714 & fn. 13 [same for the defendant originally sentenced prior to 2007].)

On reply, Hegwood nonetheless relies on the interpretation of section 1172.75, subdivision (d)(4) offered by the court in *Gonzalez* to avoid a conflict with the Sixth Amendment, which that court said was implicated by a plain language interpretation of the statute. (*Gonzalez*, *supra*, 107 Cal.App.5th at p. 329-330.) The court in *Gonzalez* acknowledged "that the plain language of section 1172.75, subdivision (d)(4), on its face, could be interpreted as not requiring proof of aggravating factors before reimposing an upper term sentence." (*Id.* at pp. 328-329.) The court, however, interpreted the introductory clause of section 1172.75, subdivision (d)(4)—" '[u]nless the court originally imposed the upper term' "—as limiting the scope of subdivision (d)(4) to defendants previously sentenced to upper terms but still requiring proof of aggravating factors stipulated by the defendant or proven to the trier of fact beyond a reasonable doubt to reimpose an upper term. (*Gonzalez*, at pp. 329-330.)

We respectfully disagree with the premise of *Gonzalez* that a plain reading of section 1172.75, subdivision (d)(4) violates the Sixth Amendment. Under the Sixth Amendment, "any fact that exposes a defendant to a greater potential sentence must be found by a jury, not a judge, and established beyond a reasonable doubt . . . ."

---

California Supreme Court did not grant review in *Brannon-Thompson* and there is no record that this decision was being "held" or in any other way limited in its effect. Similarly, Hegwood incorrectly states that "*Gonzalez* is the only published opinion on the issue for which review has not been granted."

(*Cunningham v. California* (2007) 549 U.S. 270, 281.)  Under *People v. Lynch* (2024) 16 Cal.5th 730, additional factual determinations required to impose the upper term under section 1170, subdivision (b) implicate the Sixth Amendment jury trial right.  As the California Supreme Court explained, "under the current statute the aggravating facts used to 'justify' an upper term sentence are 'necessary to [its] imposition,' [citation] and effectively function like elements of a crime."  (*Lynch*, at p. 760.)  As discussed, however, *Brannon-Thompson* interpreted section 1172.75, subdivision (d)(4) as carving out an exception to the factfinding requirements of section 1170, subdivision (b).  Since those requirements do not apply when reimposing the upper term at a section 1172.75 resentencing, the Sixth Amendment is not implicated.  (See *Lynch*, at p. 759 ["It is the requirement of additional factfinding that brings the Sixth Amendment into play"]; see also *id.* at p. 756 ["[I]n this context, what the Sixth Amendment requires is necessarily informed by what the state statutory scheme requires"].)

Hegwood further argues that because section 1172.75, subdivision (d)(4) is not "unambiguous, but rather susceptible to two reasonable interpretations, it is necessary to use the legislative history of section 1172.75 to properly construe subdivision (d)(4)." Hegwood then admits there is no legislative history supporting or undermining either interpretation.  In any event we disagree that section 1172.75, subdivision (d)(4) is ambiguous regarding the factfinding requirement but rather makes " 'clear that it does *not* apply where 'the court originally imposed the upper term.' " (*People v. Mathis*, *supra*, 111 Cal.App.5th at p. 374, review granted.)

Finally, Hegwood argues that imposing heightened factfinding requirements in all cases supports the policy of section 1172.75 to shorten prison sentences, reduce prison populations, and eliminate racial bias in sentencing.  (*Gonzalez*, *supra*, 107 Cal.App.5th

at p. 328.)  We cannot, however, rely on the policy goals of legislation as a basis for ignoring the plain language of the statute.  (See *People v. Weeks* (2014) 224 Cal.App.4th 1045, 1052.)

## DISPOSITION

The judgment is affirmed.


                                                /s/
                                       BOULWARE EURIE, J.


We concur:


     /s/
RENNER, Acting P. J.


     /s/
FEINBERG, J.